1 | Melinda M. Morton (Bar No. 209373)
  | E-mail: mindy.morton@procopio.com
2 | Jacob K. Poorman (Bar No. 262261)
  | E-mail: jacob.Poorman@procopio.com
3 | PROCOPIO, CORY, HARGREAVES &
  |     SAVITCH LLP
4 | 3000 El Camino Real
  | Suite 5-400
5 | Palo Alto, CA 94306
  | Telephone: 650.645.9000
6 | Facsimile: 619.235.0398

7 | Attorney for Plaintiff
  | APEX.AI, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APEX.AI, INC., | Case No. 5:23-cv-02230 |
| Plaintiff, | **PLAINTIFF APEX.AI, INC.'S ADMINISTRATIVE MOTION TO FILE PORTIONS OF ITS MEMORANDUM IN SUPPORT OF ITS *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND DECLARATIONS IN SUPPORT THEREOF UNDER SEAL** |
| v. | |
| NEIL RICHARD LANGMEAD, AN INDIVIDUAL; VERIFA, INC., A MASSACHUSETTS CORPORATION; CODECLINIC, LLC DBA LATTIX, A MASSACHUSETTS LIMITED LIABILITY COMPANY; AND DOES 1-20, | |
| Defendants. | |

1
PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE PORTIONS OF ITS MEMORANDUM
IN SUPPORT OF ITS APPLICATION FOR A TRO UNDER SEAL

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Apex.AI, Inc. ("Apex.AI") hereby respectfully moves for administrative relief to file under seal portions of its Memorandum in support of its *Ex Parte* Application for a Temporary Restraining Order (the "Memorandum") and the Declarations of Dejan Pangercic and Dmytro Tutynin in support of the Application.

"[A] party seeking to seal a judicial record [] bears the burden of overcoming th[e] strong presumption [in favor of public access] by meeting the 'compelling reasons' standard." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016) (quoting *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006)). Under this standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. For Auto Safety*, 809 F.3d at 1096-97 (quoting *Kamakana*, 447 F.3d at 1179). "The court must then 'conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. *Ctr. For Auto Safety*, 809 F.3d at 1097 (quoting *Kamakana*, 447 F.3d at 1179). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Ctr. For Auto Safety*, 809 F.3d at 1097 (quoting *Nixon,* 435 U.S. 589, 599 (1978)). "Examples [of a 'compelling reason'] include when a court record might be used "as [a] source of business information that might harm a litigant's competitive standing." *Ctr. For Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 598–99).

Apex.AI requests leave to file portions of its Memorandum and supporting declarations of Dejan Pangercic and Dmytro Tutynin under seal because they include and refer to nonpublic, confidential information regarding Apex.AI's current and prospective partners and customers, nonpublic, confidential information regarding Apex.AI's business arrangements with, and business plans regarding, these entities, and Apex.AI trade secrets. (Declaration of Dejan Pangercic in support of Apex.AI's Administrative Motion to Seal the Memorandum ["Pangercic Dec. ISO Motion to Seal"] at ¶ 3.) The public disclosure of this information would cause competitive harm to Apex.AI. (*Id.* at ¶ 4.) Apex.AI's competitors could use the information regarding Apex.AI's current and prospective customers and partners, and its business plans regarding these entities, to take these confidential opportunities away from Apex.AI and disrupt its business. (*Id.* at ¶ 5); *see Ctr. For Auto*

*Safety*, 809 F.3d at 1097.  Similarly, the disclosure of Apex.AI's trade secrets would cause Apex.AI irreparable harm by damaging the value of those trade secrets.  *See Genentech, Inc. v. JHL Biotech, Inc.*, No. C 18-06582 WHA, 2019 WL 1045911, at *19 (N.D. Cal. Mar. 5, 2019) ("Here, Genentech faces the risk of further disclosure of Genentech's trade secrets to third parties. This harm would be irreparable.").  The Memorandum and Declarations of Dejan Pangercic and Dmytro Tutynin in support of the Application also refer to Defendant Langmead's work for third parties which may or may not be confidential information, and Apex.AI therefore requests that this information be filed provisionally under seal as well out of an abundance of caution.

      This Administrative Motion to File Under Seal is accompanied by the Declaration of Dejan Pangercic Dec. in Support of the Administrative Motion to Seal and a [Proposed] Order Granting Apex.AI's Administrative Motion to File Under Seal.  Pursuant to L.R. 79-5, Apex.AI lodges the documents it seeks to file under seal with this Court and respectfully requests leave to file the Memorandum and the Pangercic and Tutynin Declarations in suppot of the Application under seal.

DATED: May 8, 2023　　　　　　　　　PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: *s/ Melinda M. Morton*
　　Melinda M. Morton
　　Jacob K. Poorman
　　Attorneys for Plaintiff
　　Apex.AI, Inc.

PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE PORTIONS OF ITS APPLICATION FOR A TEMPORARY RESTRAINING ORDER UNDER SEAL