Melinda M. Morton (Bar No. 209373)
E-mail: mindy.morton@procopio.com
Jacob K. Poorman (Bar No. 262261)
E-mail: jacob.Poorman@procopio.com
PROCOPIO, CORY, HARGREAVES &
SAVITCH LLP
3000 El Camino Real
Suite 5-400
Palo Alto, CA 94306
Telephone: 650.645.9000
Facsimile: 619.235.0398

Attorney for Plaintiff

APEX.AI, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APEX.AI, INC.,<br><br>          Plaintiff,<br><br>v.<br><br>NEIL RICHARD LANGMEAD, AN INDIVIDUAL; VERIFA, INC., A MASSACHUSETTS CORPORATION; CODECLINIC LLC DBA LATTIX, A MASSACHUSETTS LIMITED LIABILITY COMPANY, AND DOES 1-20,<br><br>          Defendants. | Case No. 5:23-cv--2230<br><br>**PLAINTIFF APEX.AI, INC.'S NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE** |

**TO ALL DEFENDANTS AND THEIR COUNSEL OF RECORD**:

PLEASE TAKE NOTICE that, at a time and date to be set by the Court, in [Courtroom], located at 280 South First Street, San Jose, California 95113, Plaintiff Apex.AI, Inc. ("Apex.AI" or "Plaintiff") will and hereby does, pursuant to Rule 65 of the Federal Rules of Civil Procedure and Local Civil Rule 65-1, apply *ex parte* for: (1) a temporary restraining order against Defendants Neil Richard Langmead, Verifa, Inc. ("Verifa") and CodeClinic LLC dba Lattix ("Code Clinic") (collectively, "Defendants"), and all those acting in concert with them, requiring them to cease their misappropriation of Apex.AI's trade secrets and misuse of Apex.AI's confidential information; (2) an order to show cause why a preliminary injunction should not issue against Defendants; (3) an

order allowing certain limited, expedited discovery, and (4) an order allowing Apex.AI to serve Defendant Langmead via email and Federal Express.

Apex.AI brings this *Ex Parte* Application to prevent Defendants from continuing to exploit its valuable trade secrets and confidential information. Apex.AI has unearthed evidence that its consultants, Defendants Langmead and his company Verifa, as well as Defendant Langmead's company Defendant CodeClinic, have been peddling to prospective customers a proprietary, automated certification process for functionally safe software that Defendants Langmead/Verifa developed for Apex.AI, leveraging Apex.AI's trade secret process and knowhow regarding the certification and regulatory compliance of functionally safe software. Apex.AI has paid Defendants Langmead/Verifa over three quarters of a million dollars, and has expended more time and money acquiring and developing a process and knowhow regarding certification and compliance of functionally safe software. Apex.AI has also discovered that Defendant Langmead has disclosed Apex.AI proprietary safety certification features to CodeClinic. These trade secrets are not generally known to, or readily ascertainable by, those who could obtain economic value from them. Moreover, Apex.AI has undertaken substantial efforts to maintain the confidentiality of this information – as a company strongly focused on the automotive industry, Apex.AI complies with the stringent information security requirements applicable to that industry. Further, the misappropriation committed by Defendants Langmead and Verifa also constitutes a breach of their Consulting Agreement with Apex.AI. Apex.AI has also discovered that Defendant Langmead's misconduct is part of a long pattern of deception and breaches of his contractual obligations to Apex.AI.

This Application is made on the following grounds: (1) absent judicial relief, Apex.AI will continue to suffer immediate, irreparable harm, including the improper acquisition, disclosure, and use of Apex.AI's trade secrets and confidential information which threatens to destroy Apex.AI's ability to succeed in the market for the provision of safety-certified software tools to software-defined vehicles and other mobility systems; (2) Apex.AI is likely to succeed on the merits of its claims against Defendant for misappropriation of trade secrets, breach of contract and unfair competition; (3) the balance of equities weighs in Apex.AI's favor; and (4) the public interest supports the issuance of a temporary restraining order, order to show cause why a preliminary injunction should not be

entered, order authorizing limited, expedited discovery, and order authorizing service on Defendant Langmead via email and Federal Express.

Apex.AI therefore respectfully requests that this Court grant this Application for a temporary restraining order:

1. Enjoining Defendants, and any other person or entity participating with or acting for, on behalf of, or in concert with Defendants, from using or disclosing any of Apex.AI's trade secrets or confidential information to any person or entity other than Apex.AI;

2. Enjoining Defendants, and any other person or entity participating with or acting for, on behalf of, or in concert with Defendants, from directly or indirectly interring with the confidentiality obligations of Defendants Langmead and Verifa under the Consulting Agreement;

3. Enjoining Defendants, and any other person or entity participating with or acting for, on behalf of, or in concert with Defendants, from altering, destroying, or disposing of any evidence or other materials, in any form, relating to this action and the issues raised herein, including, without limitation, all electronic media, cloud storage, and all copies of any and all documents, media, and/or other materials containing, identifying, describing, reflecting, or referencing Apex.AI's confidential or trade secret information, as well as any and all documents, data and information that was obtained by Defendants from Apex.AI by virtue of their consulting relationship with Apex.AI, including all current or archived media, emails, chats, texts, documents, electronic logs, metadata, storage and directories;

4. Requiring Defendants to return all Apex.AI trade secrets, confidential information, property and data, including Defendant Langmead's Apex.AI-issued laptop, the Apex.AI source code stored on CodeClinic's GitLab instance, and any Apex.AI source code stored in any other location outside of Apex.AI's files;

5. Allowing a forensics expert, using a protocol directed by the Court or agreed to by the Parties: (a) to take possession of, forensically "clone" or mirror image, and then return to Defendants; and then (b) to search for and identify Apex.AI's trade secret and confidential

      information, any data derived therefrom, and any Apex.AI data in the "cloned" or mirror images of: Defendant Langmead's mobile devices (including phones and tablets), Defendant Langmead's personal computers, any CodeClinic mobile devices, computers, offsite server or cloud storage, including CodeClinic's GitLab instance, that Defendant Langmead used in the course of his work for CodeClinic, any Verifa mobile devices, computers, offsite server or cloud storage that Defendant Langmead used in the course of his work for Verifa, and any other computer drive, both local, or stored in an offsite server or cloud storage, in Defendants' possession, custody, or control that was used to access, store or use, even temporarily, Apex.AI's confidential or trade secret information;

6. Requiring Defendants, and any other person or entity participating with or acting for, on behalf of, or in concert with Defendants, to, pursuant to Federal Rule of Civil Procedure 26(d)(1), immediately preserve all documents, data, tangible things, and other materials relating to this case, including, without limitation, emails, data, data bases, cloud storage, and paper and electronic data and documents, including any and all metadata, and to take all steps necessary to do so.

Apex.AI also respectfully requests an order to show cause why a preliminary injunction should not issue enjoining and imposing the same restrictions as set forth above.

In addition, Apex.AI respectfully requests an order, pursuant to Federal Rule of Civil Procedure 26(d)(1), allowing for expedited, limited discovery (consisting of a deposition of Defendant, written discovery and document requests) to determine the extent of Defendants' acquisition, use and disclosure of Apex.AI's trade secrets and confidential information.

Finally, Apex.AI respectfully requests an order, pursuant to Federal Rule of Civil Procedure 4(e) and California Code of Civil Procedure section 413.30 authorizing Apex.AI to serve Defendant Langmead in this matter via email to his nlangmead@verifa.io email, with an additional copy to be served via overnight Federal Express to his home in Bath, England. Defendant Langmead agreed, in his Consulting Agreement with Apex.AI, to receive notices under that Agreement via email, and Apex.AI regularly communicates with Defendant Langmead via that email address. Service via email is therefore reasonably calculated to apprise Defendant Langmead of the pendency of this

lawsuit and any temporary restraining order.

This Application is based on this Notice of Application and Application, the accompanying Memorandum of Points and Authorities, the Declarations of Dejan Pangercic, Dmytro Tutynin and Melinda Morton submitted concurrently herewith, the Proposed Order submitted in support of this Application, the Complaint filed in this matter, as well as the papers, evidence, and records on file in this action, and any other evidence or argument as the Court may entertain during the hearing of this Application.

**NOTICE OF APPLICATION**

Apex.AI has not provided notice of this Application to Defendants because immediate and irreparable injury will result to Apex.AI before Defendants can be heard in opposition, for the reasons set forth in more detail in the accompanying Declaration of Melinda Morton.  In order not to tipoff Defendants and risk further harm to its business, Apex.AI has not yet terminated its consultancy relationship with Defendants Verifa and Langmead, and they therefore still have access to essentially all of Apex.AI's software, source code and other trade secrets.  Defendants have shown that they will misuse this information – Defendants have already used and disclosed Apex.AI's trade secrets and confidential information, and Defendants are actively seeking to sell and disclose Apex.AI trade secrets to third parties.  Moreover, Defendant Langmead has engaged in a pattern of deceptive behavior, and he possesses the technical ability to remove Apex.AI trade secrets from his Apex.AI-issued laptop and then cover his tracks.

DATED: May 8, 2023

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By:   /s/ Melinda M. Morton
Melinda M. Morton
Jacob K. Poorman
Attorney for Plaintiff
APEX.AI, INC.