Melinda M. Morton (Bar No. 209373)
E-mail: mindy.morton@procopio.com
Jacob K. Poorman (Bar No. 262261)
E-mail: jacob.poorman@procopio.com
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
3000 El Camino Real
Suite 5-400
Palo Alto, CA 94306
Telephone: 650.645.9000
Facsimile: 619.235.0398
Attorney for Plaintiff

APEX.AI, INC.

Thomas G. Pasternak
AKERMAN LLP
71 South Wacker Drive, 46th FL.
Chicago, IL 60606
Telephone: (312) 634-5700
Email: thomas.pasternak@akerman.com

Attorney for Defendants,
NEIL RICHARD LANGMEAD,
VERIFA, INC., and
CODECLINIC, LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

APEX.AI, INC.,

Plaintiff,

v.

NEIL RICHARD LANGMEAD, AN INDIVIDUAL; VERIFA, INC., A MASSACHUSETTS CORPORATION; CODECLINIC LLC DBA LATTIX, A MASSACHUSETTS LIMITED LIABILITY COMPANY, AND DOES 1-20,

Defendants.

Case No. 5:23-cv-02230

**STIPULATION AND [PROPOSED] ORDER GRANTING STIPULATED PRELIMINARY INJUNCTION**

**WHEREAS,** on May 8, 2023, Plaintiff Apex.AI, Inc. filed the Complaint in this Action alleging (1) violation of the Defend Trade Secrets Act against all Defendants; (2) Breach of Contract against Langmead and Verifa; (3) Fraud against Langmead; and (4) Unfair Competition against all Defendants;

**WHEREAS**, on May 11, 2023 the Court issued a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue against Defendants on the grounds that Plaintiff demonstrated a substantial likelihood of success on the merits of its claims against Defendants, that without an order, Plaintiff would suffer irreparable harm, and that the balance of equities and public interest favor Plaintiff;

**WHEREAS**, the Court set a hearing on the Order to Show Cause for May 22, 2023 at 9:00 a.m., and

**WHEREAS,** the Parties now wish to stipulate and agree to the issuance of a Preliminary Injunction in lieu of the May 22, 2023 hearing.

**NOW, THEREFORE, THE PARTIES HEREBY AGREE AND STIPULATE AS FOLLOWS:**

1. The Parties agree that this Preliminary Injunction shall remain in full force and effect through the date on which judgment as to each enjoined Defendant is entered in this matter, and that Defendants (and any other person or entity participating with or acting for, or on behalf of, or in concert with Defendants who receives actual notice of this Stipulation and Preliminary Injunction Order) are enjoined and restrained:

   a. From accessing, by any means, any and all of Apex.AI's files;

   b. From using any of Apex.AI's Trade Secrets or confidential information, and from disclosing them to any person or entity other than Apex.AI;

   c. From altering, destroying, or disposing of any evidence or other materials, in any form, relating to this action and the issues raised herein, including, without limitation, all electronic media, cloud storage, and all copies of any and all documents, media, and/or other materials containing, identifying, describing, reflecting, or referencing Apex.AI's confidential or Trade Secret information, as well as any and

all documents, data and information that was obtained by Defendants from Apex.AI by virtue of their consulting relationship with Apex.AI, including all current or archived media, emails, chats, texts, documents, electronic logs, metadata, storage and directories.

2. Defendants shall return all Apex.AI Trade Secrets, confidential information, property and data, whether in paper form or in an electronic medium, including Defendant Langmead's Apex.AI-issued laptop, the Apex.AI source code stored on CodeClinic's GitLab instance; and any Apex.AI source code stored in any other location outside of Apex.AI's files.

3. "Trade Secrets," as used herein, is defined as:

a. Apex.Grace, Apex.Ida (together: Apex.OS);

b. the source code that makes up Apex.Grace/Apex.Ida and Apex.AI's other offerings and technology;

c. the ISO 26262 functional safety certification artifacts associated with Apex.AI's products and technology;

d. the Apex continuous integration-based pipeline for a modern, web-based system for the automatic generation of ISO 26226 functional safety certification artifacts for C++ software;

e. the know how to re-work, and process for reworking, open source software to make it scalable, flexible and robust, and how to certify it as safe;

f. know how regarding, and the process for, the cross-compilation of QNX operating systems; and

g. Plaintiff's contact information for current and prospective customers' decision makers and information about their pain points and technological needs.

4. This Preliminary Injunction shall become immediately effective upon its entry.

5. No security need be posted by Plaintiff in connection with this Preliminary Injunction.

6. Defendants agree that they have been served with the Complaint, Plaintiff's Application for a Temporary Restraining Order and accompanying documents, the Court's Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not

Issue, and all other documents currently on the court's docket.

7. Defendants accept the jurisdiction of this Court.

8. Defendants shall abide by the stipulated protective order to be filed in this case governing the use and disclosure of confidential information in connection with this litigation.

9. Defendants agree that the description of the Trade Secrets, as articulated in this Order and in the Complaint and Application for a TRO, describe the Trade Secrets with reasonable particularity, but do not admit that some constitute valid trade secrets.

10. The parties agree that Plaintiff may engage in early discovery, and they will meet and confer as to the scope of such discovery.

11. The parties agree that Defendants Langmead and Verifa will provide any electronic devices in Defendants possession, custody or control that contain Apex.AI trade secrets and/or confidential information, and that Plaintiff may conduct a forensic examination of such devices.

12. The parties agree that Plaintiff can conduct a forensic examination of CodeClinic's GitLab instance to search for Apex.AI source code.

**ATTESTATION**

I attest that concurrence in the filing of this document has been obtained from any other signatory to this document.

By: /s/*Melinda Morton*
Melinda Morton

Dated this 19th day of May 2023.

*s/ Melinda M. Morton*
Melinda M. Morton
Jacob K. Poorman
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
3000 El Camino Real
Suite 5-400
Palo Alto, CA 94306
Telephone: 650-646-9000
Facsimile: 619-235-0398
mindy.morton@procopio.com
jacob.poorman@procopio.com

Attorneys for Plaintiff,
APEX.AI, Inc.

*/s/ Thomas G. Pasternak*
Thomas G. Pasternak
Akerman LLP
71 South Wacker Dr.
46th FL.
Chicago, IL 60606
Telephone: 312-634-5700
thomas.pasternak@akerman.com

Attorneys for Defendants,
Neal Langmead, Verifa, Inc.,
and CodeClinic, LLC

**ORDER**

Good cause appearing, the Court hereby grants the Preliminary Injunction as follows:

1. Defendants (and any other person or entity participating with or acting for, or on behalf of, or in concert with Defendants who receives actual notice of this Stipulation and Preliminary Injunction Order) are enjoined and restrained:
    a. From accessing, by any means, any and all of Apex.AI's files;
    b. From using any of Apex.AI's Trade Secrets or confidential information, , and from disclosing them to any person or entity other than Apex.AI;
    c. From altering, destroying, or disposing of any evidence or other materials, in any form, relating to this action and the issues raised herein, including, without limitation, all electronic media, cloud storage, and all copies of any and all documents, media, and/or other materials containing, identifying, describing, reflecting, or referencing Apex.AI's confidential or Trade Secret information, as well as any and all documents, data and information that was obtained by Defendants from Apex.AI by virtue of their consulting relationship with Apex.AI, including all current or archived media, emails, chats, texts, documents, electronic logs, metadata, storage and directories.
2. Defendants shall return all Apex.AI Trade Secrets, confidential information, property and data, whether in paper form or in an electronic medium, including Defendant Langmead's Apex.AI-issued laptop, the Apex.AI source code stored on CodeClinic's GitLab instance; and any Apex.AI source code stored in any other location outside of Apex.AI's files.
3. "Trade Secrets," as used herein, is defined as:
    a. Apex.Grace, Apex.Ida (together: Apex.OS);
    b. the source code that makes up Apex.Grace/Apex.Ida and Apex.AI's other offerings and technology;
    c. the ISO 26262 functional safety certification artifacts associated with Apex.AI's products and technology;

d. the Apex continuous integration-based pipeline for a modern, web-based system for the automatic generation of ISO 26226 functional safety certification artifacts for C++ software;

e. the know how to re-work, and process for reworking, open source software to make it scalable, flexible and robust, and how to certify it as safe;

f. know how regarding, and the process for, the cross-compilation of QNX operating systems; and

g. Plaintiff's contact information for current and prospective customers' decision makers and information about their pain points and technological needs.

4. This Preliminary Injunction shall become immediately effective upon its entry and shall remain in full force and effect through the date on which judgment as to each enjoined Defendant is entered in this matter.

5. No security need be posted by Plaintiff in connection with this Preliminary Injunction.

**IT IS FURTHER ORDERED THAT:**

1. Plaintiff may engage in early discovery, and the parties will meet and confer as to the scope of such discovery.

2. Defendants Langmead and Verifa will provide any electronic devices in Defendants possession, custody or control that contain Apex.AI trade secrets and/or confidential information, and that Plaintiff may conduct a forensic examination of such devices.

3. Plaintiff can conduct a forensic examination of CodeClinic's GitLab instance to search for Apex.AI source code.

4. The hearing set for May 22, 2023 at 9:00 am is adjourned.

**IT IS SO ORDERED.**

DATED: May __, 2023

Hon. Beth Labson Freeman
U.S. District Judge
Northern District of California