# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| APEX.AI, INC, <br><br> Plaintiff, <br><br> v. <br><br> NEIL RICHARD LANGMEAD, AN INDIVIDUAL; VERIFA, INC., A MASSACHUSETTS CORPORATION; CODECLINIC, LLC DBA LATTIZ, A MASSACHUSETTS LIMITED LIABILITY COMPANY; AND DOES 1-20, <br><br> Defendants. | Case No. 5:23-cv-02230-BLF <br><br> **ORDER GRANTING PLAINTIFF APEX.AI, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS MEMORANDUM IN SUPPORT OF THE *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND DECLARATIONS IN SUPPORT THEREOF** <br><br> [Re: ECF 5] |

This action arises from a dispute between Plaintiff Apex.AI, Inc. ("Apex.AI") and Defendants, Neil Richard Langmead ("Langmead"), Verifa, Inc. ("Verifa"), and CodeClinic LLC dba Lattix ("CodeClinic"). The dispute is regarding alleged trade secret misappropriation and breach of a Consulting Agreement. Langmead, hired by Apex.AI under a Consulting Agreement, was tasked to ensure that Apex.AI's software meets applicable safety requirements. In this role, Langmead allegedly acquired Apex.AI's proprietary information, including its trade secrets. Apex.AI argues that Langmead engaged in misconduct during his consultancy by disclosing its trade secrets and confidential information. Apex.AI filed suit against Defendants on May 8, 2023, for temporary, preliminary, and permanent injunctive relief and filed an *Ex Parte* Application for a Temporary Restraining Order ("TRO") on the same date.

Apex.AI has filed a motion to seal portions of its Memorandum in support of its *Ex Parte* Application for a TRO (the "Memorandum") and the Declarations of Dejan Pangercic and Dmytro Tutynin in support of the Application for a TRO. *See* Mot. to Seal, ECF 5 at 2. The Declarations

1   of Dejan Pangercic and Dmytro Tutynin include non-public, confidential materials regarding
2   Apex.AI's business arrangements, partners and customers, and trade secrets. *Id.* Defendants have
3   not responded to Apex.AI's motion, though they have appeared in the case through counsel.
4       Having reviewed Apex.AI's submissions and the applicable law, the Court
5   GRANTS Apex.AI's administrative motion to seal for the reasons below.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Consequently, access to motions and their attachments that are "more tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2006). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. A party moving to seal a document in whole or in part must file a statement identifying the legitimate private or public interests that warrant sealing, the injury that will result if sealing is denied, and why a less restrictive alternative to sealing is not sufficient. Civ. L.R. 79-5(c)(1). A supporting declaration shall be submitted if necessary. Civ. L.R. 79-5(c)(2). Finally, the moving party must submit "a proposed order that is narrowly tailored to seal only the sealable material[.]" Civ. L.R. 79-5(c)(3).

## II. DISCUSSION

Apex.AI moves to file under seal portions of its Memorandum and supporting Declarations of Dejan Pangercic and Dmytro Tutynin, and Exhibits A-F to the Declaration of Dmytro Tutynin on the basis that these documents contain non-public, confidential information about Apex.AI's proprietary information. ECF 5 at 2; Declaration of Dejan Pangercic in Support of Apex.AI's Motion to File Under Seal, ECF 5-1 ("Pangercic Decl.") at pg. 2. Specifically, Apex.AI seeks to seal the highlighted portions on pages 10-12, 15, and 17 of the Memorandum, paragraphs 49, 56-

58, and 61 of the Declaration of Dejan Pangercic, paragraphs 6.b, 6.c, and 6.d of the Declaration of Dmytro Tutynin, and Exhibits A-F in their entirety. Since, the proprietary information at issue goes to the merits of the case, the "compelling reasons" standard applies.

First, the Court GRANTS Apex.AI's request to seal portions of the Memorandum in support of the Application for a TRO and supporting Declarations of Dejan Pangercic and Dmytro Tutynin. The Supreme Court has ruled that the right to inspect and copy judicial records "has bowed before the power to insure that its records are not used…as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc*, 435 U.S. 589, 598 & n.7 (1978). As such, courts have found it appropriate to seal customer names or similar information, business contracts, and internal documents. *See, e.g., Van v. Language Line Servs., Inc.*, No. 14-CV-03791-LHK, 2016 WL 3565980, at 2 (N.D. Cal. June 30, 2016); *Virun, Inc. v. Cymbiotika, LLC*, No. 8:22-cv-00325-SSS-DFMx, 2022 WL 17401698, at 2 (C.D. Cal. Aug. 19, 2022). Here, the Memorandum and Declarations contain detailed information about Apex.AI's business arrangements, business plans about specific software products, and identities of its partners and customers. Pangercic Decl. at 2. This kind of business and customer-specific information, if available to competitors who otherwise would not have access to or be able to use such information, could be used to undercut Apex.AI and deprive it of an opportunity to be competitive in its relevant market. Thus, Apex.AI has provided a compelling reason to seal this material. The Court is also satisfied that Apex.AI's request is narrowly tailored to only the sealable material.

Second, the Court GRANTS Apex.AI's request to seal Exhibits A-F in support of the Declaration of Dmytro Tutynin in their entirety. Under the case law already discussed, customer identities and business information are sealable. Additionally, the Ninth Circuit has found that a company's financial records, such as receipts, accounts receivable, and expenses are also confidential information which should be sealed. *In re Electronic Arts*, 298 Fed. Appx. 568, 569 (2008); *Apple Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259; *Cox v. Roadrunner Intermodal Servs., LLC*, No. 117CV01056DADBAM, 2019 WL 3202922, at *2 (E.D. Cal. July 16, 2019); *In re*

*ConAgra Foods, Inc.*, No. CV1105379MMAGRX, 2014 WL 12577132, at *4 (C.D. Cal. July 11, 2014). Further, details about the technical operation of a company product, such as source codes, internal documents, and other technical documents should remain confidential and be sealed from the public. *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. C 12-1971 CW, 2014 U.S. Dist. LEXIS 171088, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014). In this case, Exhibits A-F contain business arrangements, internal financial documents, technical documents and source codes, and data extracted from a work laptop. ECF 5-10–5-13; Pangercic Decl. at 2. Disclosure could enable Apex.AI's competitors to gain insight into its business and give them an opportunity to outcompete it. Pangercic Decl. at 2–3. Moreover, internal financial information and receipts for professional services, if available to the public, could impair Apex.AI's negotiations with its customers. Thus, the Court finds that Exhibits A-F are sealable in their entirety and that they do not include significant amounts of non-sealable information.

### III.    ORDER

(1) For the foregoing reasons, Apex.AI's motion to seal is GRANTED. The designated portions on pages 10-12, 15, and 17 of the Memorandum in support of the Application for a Temporary Restraining Order, paragraphs 49, 56-58, and 61 of the Declaration of Dejan Pangercic in Support of the Application, paragraphs 6.b, 6.c, and 6.d of the Declaration of Dymtro Tutynin, and the entirety of Exhibits A-F to the Declaration of Dymtro Tutynin, shall be filed under seal.

(2) This order terminates ECF 5.

**IT IS SO ORDERED.**

Dated: June 23, 2023

_____
BETH LABSON FREEMAN
United States District Judge

4