Melinda M. Morton (Bar No. 209373)
E-mail: mindy.morton@procopio.com
Jacob K. Poorman (Bar No. 262261)
E-mail: jacob.poorman@procopio.com
PROCOPIO, CORY, HARGREAVES &
SAVITCH LLP
3000 El Camino Real, Suite 5-400
Palo Alto, CA 94306
Telephone: 650.645.9000
Facsimile: 619.235.0398

Attorneys for Plaintiff
APEX.AI, INC.

Thomas G. Pasternak
AKERMAN LLP
71 South Wacker Drive, 46th FL.
Chicago, IL 60606
Telephone:  (312) 634-5700
Email:  thomas.pasternak@akerman.com

Attorneys for Defendants,
NEIL RICHARD LANGMEAD,
VERIFA, INC., and
CODECLINIC, LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APEX.AI, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>NEIL RICHARD LANGMEAD, AN INDIVIDUAL; VERIFA, INC., A MASSACHUSETTS CORPORATION; CODECLINIC LLC DBA LATTIX, A MASSACHUSETTS LIMITED LIABILITY COMPANY, AND DOES 1-20,<br><br>    Defendants. | Case No. 5:23-cv-02230<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br><u>Scheduling Conference</u><br><br>Date: September 14, 2023<br>Time: 11:00 a.m.<br>Crtrm: 1<br>Judge: Hon. Beth Labson Freeman |

The parties to the above-entitled action jointly submit this Joint Case Management Statement & Proposed Order pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

## I. JURISDICTION & SERVICE

The parties agree that the Court has subject matter jurisdiction over all claims pursuant to 18 U.S.C. § 1836(c), 28 U.S.C. §§ 1331, and 28 U.S.C. § 1367. No issues exist regarding personal jurisdiction or venue. All named parties have been served.

## II. FACTS

A. **Plaintiff's Statement**:

Apex.AI develops award-winning software tools for mobility systems such as autonomous vehicles, robots, and so-called software-defined vehicles, which are any vehicles that manage their operations, add functionality, and enable new features primarily or entirely through software. Apex.AI entered into a Consulting Agreement with Defendant Langmead, and his company Verifa, in 2019. Apex.AI has recently discovered that Defendant Langmead has used and disclosed Apex.AI trade secrets in the course of attempting to peddle them to third-parties on behalf of his company Defendant CodeClinic, and that he has for years engaged in deceptive conduct, self-dealing and other misconduct in breach of his Consulting Agreement.

Plaintiff anticipates that factual issues will include:

1. Whether Defendants used or disclosed Apex.AI's confidential information and trade secrets.

2. Whether Defendants claimed Apex.AI's confidential information and trade secrets as their own.

3. Whether Defendants copied Apex.AI's trade secret source code onto CodeClinic's GitLab instance.

4. Whether Defendants Langmead and Verifa failed to keep Apex.AI's proprietary information confidential.

5. Whether Defendant Langmead improperly guided Apex.AI to purchase products from

companies he owns or otherwise controls without disclosing his ownership or control to Apex.AI.

6. Whether Defendants Langmead and Verifa consulted or attempted to consult with Apex.AI's current or prospective customers in violation of the Consulting Agreement.

7. Whether Defendants Langmead and Verifa took work product and proprietary information belonging to Apex.AI and instead advertised it to other customers.

8. Whether Defendants Langmead and Verifa failed to deliver the services required under the Consulting Agreement.

B. **Defendants' Statement**:

1. Whether Plaintiff took reasonable measures to protect its purported trade secrets and confidential information.

2. What the value is of Plaintiff's purported trade secrets and confidential information.

### III.  LEGAL ISSUES

A. **Plaintiff's Statement of Disputed Legal Issues:**

1. Whether Defendants Langmead and Verifa breached the Consulting Agreement.

2. Whether Defendants misappropriated Apex.AI's trade secrets.

3. Whether Defendants acts constitute unfair business practices and unfair competition under California Business & Professions Code § 17200.

4. Whether Defendant Langmead engaged in fraud by concealment.

5. Whether Defendants' acts were wilful and malicious.

B. **Defendants' Statement**:

1. Whether Plaintiff's purported trade secrets are legally-cognizable trade secrets.

2. The damages to Plaintiff by Defendants' alleged conduct.

### IV.  MOTIONS

There are no pending motions.  Apex.AI plans to bring a summary judgment motion.  Should the case not resolve on summary judgment, Apex.AI may file motions *in limine* prior to trial.

### V.  AMENDMENT OF PLEADINGS

At this time, Apex.AI does not anticipate amending its pleading.

/ / /

### VI.  EVIDENCE PRESERVATION

The parties acknowledge their duty to preserve relevant materials in accordance with applicable rules and case law.  The parties' attorneys certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines").

### VII.  DISCLOSURES

Plaintiff has not yet made initial disclosures but the parties have agreed that Plaintiff may have until September 13, 2023 to do so. Defendants have made their initial disclosures.

### VIII.  DISCOVERY

Apex.AI has taken limited discovery to date.  The parties have agreed to participate in an early, mediation once Apex.AI has had the opportunity to collect documents and take 1-2 depositions.

The parties agree to adhere to the limitations on discovery in the Federal Rules, without modifications.

### IX.  CLASS ACTIONS

This is not a Class Action.

### X.  RELATED CASES

None.

### XI.  RELIEF

A. **Plaintiff's Statement**:

Apex.AI seeks monetary damages and injunctive relief as a result of Defendants' misappropriation of Apex.AI's trade secrets.  Further, Apex.AI seeks an order imposing exemplary and punitive damages.  Apex.AI also seeks an order disgorging the profits, savings and reputational enhancements Defendants have received.  Apex.AI also seeks monetary damages resulting from Langmead and Verifa's breach of the Consulting Agreement. Finally, Apex.AI seeks attorneys' fees and costs.  As discovery upon which Apex.AI's calculation of damages will be based is not yet complete, Apex.AI cannot yet provide a calculation of the amounts claimed as damages, but will do so during expert discovery in accordance with the Court's Scheduling Order.

B. **Defendants' Statement**:

Defendants deny that Plaintiff is entitled to any relief whatsoever, whether it be exemplary damages, punitive damages, attorneys' fees, costs, or any other type of relief. It has suffered no damages due to defendants' alleged conduct.

## XII.  SETTLEMENT AND ADR

The parties are still discussing whether to participate in court-sponsored or private mediation once the early discovery has been completed, which Apex.AI anticipates would be December 2023 unless motion practice is necessary with respect to the early discovery, in which case the parties would need additional time to complete the mediation.

## XIII.  NARROWING OF ISSUES

Unknown at this time.

## XIV.  EXPEDITED TRIAL PROCEDURE

Unknown at this time.

## XV.  SCHEDULING

Unknown at this time.

A. **Plaintiff's proposal**:

| EVENT | DEADLINE |
| --- | --- |
| Fact Discovery Cutoff | August 1, 2024 |
| Designation of Opening Experts with Reports | September 30, 2024 |
| Designation of Rebuttal Experts with Reports | October 30, 2024 |
| Expert Discovery Cutoff | November 30, 2024 |
| Deadline for Filing Dispositive Motions | January 30, 2025 |
| Joint Pretrial Setting Conference Statement | 10 days before Pretrial Conference |
| Pretrial Conference | TBD |
| Trial | July 14, 2025 |

## XVI.  TRIAL

Unknown at this time.

A. **Plaintiff's estimate**:

Trial would last between five (5) and ten (10) days.  Apex.AI demanded a jury trial.

## XVII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff filed a Certification of Interested Entities or Persons at the time the case was filed.

## XVIII. PROFESSIONAL CONDUCT

All parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XIX. OTHER

Not Applicable.

Dated this 7th day of September 2023.

s/ Melinda M. Morton
Melinda M. Morton
Jacob K. Poorman
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
3000 El Camino Real, Suite 5-400
Palo Alto, CA 94306
Telephone:  650-646-9000
Emails: mindy.morton@procopio.com
jacob.poorman@procopio.com
**Attorneys for Plaintiff**, APEX.AI, Inc.

/s/ Thomas G. Pasternak
Thomas G. Pasternak
AKERMAN LLP
71 South Wacker Dr.
46th FL.
Chicago, IL 60606
Telephone:  312-634-5700
Email: thomas.pasternak@akerman.com
**Attorneys for Defendants**
Neal Langmead, Verifa, Inc., and CodeClinic, LLC

## ATTESTATION REGARDING SIGNATURES UNDER LOCAL CIVIL RULE 5-4.3.4

I, Melinda M. Morton, attest that all signatories listed and on whose behalf this filing is submitted concur in the content of this filing and have authorized this filing and affixing of their electronic signature on this filing.

By: /s/*Melinda M. Morton*
Melinda M. Morton

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. In addition, the Court makes the further orders stated below:

_____

_____

_____

**IT IS SO ORDERED**

Dated:_____        _____
                                                Honorable Judge Beth Labson Freeman.
                                                UNITED STATES DISTRICT JUDGE